FILED

MAY 09 2008

~[signature]~
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TROY LARSON, | ) | CIV. 07-4095-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LT. RANDY STEVENS, | ) | |
| Springfield State Prison, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, an inmate, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional right to be free from cruel and unusual punishment was violated when defendant slammed plaintiff's hand in the food-port of his cell door. In essence, plaintiff's complaint is based upon an allegation of excessive force. Defendant has moved for summary judgment based on qualified immunity.

## STANDARD OF REVIEW

Defendant contends that he is immune from suit based on the doctrine of qualified immunity. The United States Supreme Court has held that "[a] court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (citing Siegert v. Gilley, 500 U.S. 226, 232, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)). "[T]he next, sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. "In order for a person to have a clearly established

right, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Maher v. Harper, 12 F.3d 783, 785 (8th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987)). Furthermore, the United States Supreme Court has held that the courts must not frame the right too generally. Maher, 12 F.3d at 785.

The Eighth Circuit Court of Appeals has distilled these requirements into a three-part test. "[T]o withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated plaintiff's clearly established right." Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996) (citations omitted). This test "focuses on the objective legal reasonableness of an official's acts." Slone v. Herman, 983 F.2d 107, 109 (8th Cir. 1993) (citations omitted). "The immunity defense should fail if the official violates a clearly established right because 'a reasonably competent public official should know the law governing his conduct.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S. Ct. 2727, 2739, 73 L. Ed. 2d 396 (1982)).

## DISCUSSION

Plaintiff's complaint originally stated two separate causes of action – excessive force and denial of medical care – and sought relief from numerous defendants. During screening, the Court determined that plaintiff's medical-care claim was without merit. Accordingly, that cause of action was dismissed, along with all defendants related thereto. The Court allowed plaintiff's excessive-force claim to proceed forward. However, the Court

determined that the only proper defendant to plaintiff's excessive-force claim was Lt. Stevens. As a result, the Court dismissed the complaint with respect to all other named defendants.

In sum, plaintiff's complaint states only one valid cause of action, excessive force, against only one defendant, Lt. Stevens. Nevertheless, plaintiff continues to protest the removal of other defendants, particularly Warden Dooley and Douglas Weber. The Court reminds plaintiff that, under the rule from Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985), a person is not amenable to suit under § 1983 unless that person is alleged to have been personally involved in or directly responsible for the injuries alleged by plaintiff. Plaintiff has not alleged that any person other than Lt. Stevens was directly responsible or personally involved in the incident that forms the basis of this suit. As a result, the Court maintains its position that the only proper defendant in this action is Lt. Stevens.

Plaintiff is suing Lt. Stevens in both his official and individual capacities. Plaintiff's official-capacity claim fails for at least two reasons. First, plaintiff fails to allege a policy or custom of unconstitutional action, as is required to sue a state actor in his official capacity under § 1983. See Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) ("In an official-capacity suit, the plaintiff must prove more than that his constitutional rights were violated by the named individual defendant, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the violation."). Second, a state, its agencies, and its officials acting in their official capacity are not considered 'persons' within the meaning of § 1983. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999). Accordingly, plaintiff's official-capacity claim against Lt. Stevens is without merit and shall be dismissed.

The Court now turns its attention to plaintiff's individual-capacity claim against Lt. Stevens. Plaintiff's claim is based upon an allegation of excessive force. "Excessive-force claims brought by prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment." Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001). The test to be applied is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. (citations omitted). "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously or sadistically." Irving v. Dormire, 2008 WL 613121 at *3.

When an inmate alleges that he sustained injuries due to excessive force utilized by prison staff, the Court must consider the extent of the injuries alleged by the inmate. See Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir. 1988) ("The extent of injury inflicted . . . is a relevant factor as to whether or not the punishment inflicted was cruel and unusual."). The Eighth Circuit has consistently held that minor injuries, especially those that do not require medical treatment, do not rise to the level of a constitutional violation. See Young v. Harrison, 284 F.3d 863, 869 (8th Cir. 2002); Stenzel v. Ellis, 916 F.2d 423, 427 (8th Cir. 1990).

In the present case, the Court concludes that plaintiff's alleged injuries, accepted as true, are not actionable under § 1983. Plaintiff claims that his finger was smashed in the food-port of his cell door by Lt. Stevens. After the incident, Lt. Stevens immediately dispatched Health Services to plaintiff's cell to check on plaintiff. Docket #30. Melissa Johnson, a registered nurse at the prison, submitted an affidavit noting that plaintiff's medical records from the day of the incident indicate that plaintiff sought no medical care or attention for an injury to his hand on the day of the incident. Docket #32. Johnson's affidavit

indicates that "[i]f Larson had been injured, or had needed medical attention, this would be reflected in his records." Id. Plaintiff himself admits that "there was no blood;" that "I did not lose my nail;" and that "the next day . . . my finger stopped throbbing & was able to be used again in full." Docket #33, at 3. In short, the record reflects – and plaintiff himself admits – that the injuries sustained in the incident in question were no more than *de minimis*. Such injuries do not properly constitute excessive force claims under § 1983. Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment (Docket #27) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket #1) is dismissed with prejudice.

Dated this 9th day of May, 2008.

BY THE COURT:

*/s/ Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

5